[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2010
JOHN LEY
CLERK

No. 09-12501

_____

D. C. Docket No. 07-00651-CV-ORL-35-DAB

LAFAYETTE WALKER,

Plaintiff-Appellant,

versus

CITY OF ORLANDO,
a Florida Municipal Corporation,
EDWARD MICHAEL,
STANLEY KLEM,
NATHAN FARRIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,[*] District Judge.

PER CURIAM:

Walker (Plaintiff) was present at a block party after midnight where several men appeared and began firing shots in the air. The police were called. Officer Edward Michael (Defendant Michael) was the first police officer on the scene, and he confronted Plaintiff and some others, ordering them to get on the ground. Plaintiff was reluctant to do so and said so. Plaintiff claims that Defendant Michael then repeatedly struck him in the head, neck, and back with the butt of a service rifle, in violation of Plaintiff's constitutional rights. Plaintiff sued Defendant Michael for these acts and the City of Orlando (Defendant City) for permitting a custom or practice that led to constitutional violations. The district court granted both Defendants' motions for summary judgment.

The appeal presents these issues:

> Whether the district court erroneously concluded that Defendant
>
> Michael had qualified immunity for his actions.

---

[*]Honorable William Henry Barbour, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

Whether the district court erroneously concluded that Defendant City was not liable for Defendant Michael's acts.

Briefly stated, we see this case as presenting an emergency situation (gun shots in the night) and a police officer's reaction to a confusing situation -- including Plaintiff's reluctance to comply with police instructions -- that involved potential danger.   For background, see United States v. Holloway, 290 F.3d 1331, 1334–41 (11th Cir. 2002) (describing how emergency situations affect what is reasonable for police to do).  Given the circumstances, the district court concluded that the force applied -- which, by the way, caused no serious physical injury[1] -- was not excessive and that placing Plaintiff in a patrol car for a good many minutes was not unreasonable.  And because the district court correctly concluded that Defendant Michael had not violated Plaintiff's constitutional rights, the Defendant City cannot be held liable in this case.

We see no reversible error.

AFFIRMED.

---

[1] We accept that the extent of physical injury is not conclusive about the presence or absence of constitutional violation.  See Wilkins v. Gaddy, 129 S. Ct. ____ , 2010 WL 596513 (Feb. 22, 2010) (Eighth Amendment case).  But a lack of serious injury can illustrate how much force was actually used.